<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 14-1261**

———————————

VITO MASILOTTI,

                Plaintiff - Appellant,

     v.

CITIGROUP MORTGAGE INC.,

                Defendant - Appellee.

———————————

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Senior District Judge. (1:13-cv-03360-JFM)

———————————

Submitted: July 23, 2014         Decided: July 30, 2014

———————————

Before WILKINSON, KING, and DUNCAN, Circuit Judges.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Vito Masilotti, Appellant Pro Se. John Byron Flood, OGLETREE DEAKINS NASH SMOAK & STEWART, PC, Washington, D.C., for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vito Masilotti seeks to appeal the district court's order granting Citigroup Mortgage Inc.'s motion for an order compelling arbitration and staying his action pending resolution of any arbitration proceedings. Masilotti has also filed an application to proceed in forma pauperis. Because the appeal is interlocutory, we deny Masilotti's application to proceed in forma pauperis and dismiss the appeal for lack of jurisdiction.

Section 16 of the Federal Arbitration Act provides that "[a]n appeal may be taken from . . . a final decision with respect to an arbitration that is subject to this title[,]" or from interlocutory orders denying arbitration, but an appeal generally "may not be taken from an interlocutory order . . . granting a stay of any action" referred to arbitration, or "directing arbitration to proceed[.]" 9 U.S.C. § 16(a)(3), (b) (2012); see In re Pisgah Contractors, Inc., 117 F.3d 133, 135 (4th Cir. 1997).[*]

A "final decision" for purposes of § 16 is one that "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." Green Tree Fin.

---

[*] Section 16(b) also permits the court to review, in its discretion, interlocutory orders that a district court certifies pursuant to 28 U.S.C. § 1292(b) (2012). The district court did not do so here.

<u>Corp.-Ala. v. Randolph</u>, 531 U.S. 79, 86 (2000) (internal quotation marks omitted). As a result, where a district court orders arbitration and dismisses an action, "leaving the court nothing to do but execute the judgment," the order is a final, appealable order. <u>Id.</u> By contrast, where the district court orders arbitration and enters "a stay instead of a dismissal . . . that order would not be appealable," as it is interlocutory. <u>Id.</u> at 87 n.2.

The district court's February 28, 2014 order was not a final, appealable order. As we have previously explained, an order staying an action and compelling arbitration is not final and appealable even if the district court "retained jurisdiction through its stay only to enforce or vacate a forthcoming arbitration award[,]" and therefore, as a "practical" matter, "render[ed] a final resolution as to all issues before it." <u>Humphrey v. Prudential Sec. Inc.</u>, 4 F.3d 313, 317 (4th Cir. 1993). The fact that the district court's order directs that the case be administratively closed does not render the order final and appealable. <u>See</u> <u>Penn-Am. Ins. Co. v. Mapp</u>, 521 F.3d 290, 295 (4th Cir. 2008) (finding that "an otherwise non-final order does not become final because the district court administratively closed the case after issuing the order. A reviewing court must consider whether an order is final and

3

appealable without regard to the existence of the administrative closure.").

Accordingly, we deny Masilotti's application to proceed in forma pauperis and dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED</u>

4